**In re BETTER BRITE PLATING, INC., Debtor.**

**Bankruptcy No. 85–03325.**

United States Bankruptcy Court, E.D. Wisconsin.

Oct. 15, 1990.

Herbert C. Liebmann, III, Green Bay, Wis., for University Bank of Green Bay.

Robert M. Hunter, Madison, Wis., for Asst. Atty. Gen., State of Wis., Dept. of Justice.

David J. Matyas, De Pere, Wis., trustee.

### ORDER

DALE E. IHLENFELDT, Bankruptcy Judge.

On September 22, 1989, 105 B.R. 912, this court ruled that costs related to the disposal of hazardous wastes generated by a court appointed examiner during the pendency of Chapter 11 proceedings are not properly chargeable against the interests of the secured creditor under 11 U.S.C. § 506(c). The State of Wisconsin (Department of Natural Resources) appealed this court's decision and order to the U.S. District Court for the Eastern District of Wisconsin. On April 4, 1990, the District Court gave its decision and order affirming the order of this court. On April 24, 1990, the State of Wisconsin filed an appeal to the U.S. Court of Appeals for the 7th Circuit. The notice of appeal recites that the appeal is from the order of U.S. District Court for the Eastern District of Wisconsin denying the motion of the State of Wisconsin for an order requiring the trustee to expend funds subject to a perfected secured interest to dispose of hazardous wastes generated and illegally stored by the trustee in his operation of the debtor's facility.

While the appeal to the U.S. Court of Appeals for the 7th Circuit was pending, the dispute that was the subject of that appeal was mooted by outside events. (The court has been advised that the hazardous waste was removed by federal agencies.)

Thereafter, the Court of Appeals entered the following order:

IT IS ORDERED that the judgment entered by the district court on April 4, 1990 is VACATED. This appeal is REMANDED to the district court with directions to remand to the bankruptcy court for vacatur. See *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950).

On August 27, 1990, pursuant to the directions of the Court of Appeals, the U.S. District Court for the Eastern District of Wisconsin ordered this court to vacate its decision and order of September 24, 1989.*

With respect, the court believes that it is the appeal from the District Court to the Court of Appeals that was mooted, and that the order of the Court of Appeals is in error in directing the District Court and this court to vacate their decisions and orders. *In re Memorial Hospital of Iowa County, Inc.*, 862 F.2d 1299 (7th Cir.1988). Nevertheless, this court has been directed to vacate its September 24, 1989 * decision and order. Accordingly,

IT IS ORDERED that the September 22, 1989 decision and order of this court is vacated and set aside as moot insofar as it pertains to whether or not the trustee is required to expend funds subject to a perfected secured interest to dispose of hazardous wastes generated and illegally stored by the trustee in his operation of the debtor's facility.

* This court's decision and order are dated September 22, 1989.